NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 6, 2014[*]
Decided February 6, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2651

| | |
|---|---|
| MAURICE JACKSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 12-960-GPM |
| JOHN SHEPHERD, et al., *Defendants-Appellees.* | G. Patrick Murphy, *Judge.* |

**O R D E R**

Maurice Jackson, an Illinois inmate, brought this suit under 42 U.S.C. § 1983 against two physicians and a pharmacy aide at Menard Correctional Center for deliberate indifference to his need for blood pressure medication. The district court granted summary judgment for the defendants, finding that Jackson failed to exhaust his administrative remedies before filing suit. We affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(c).

This is not Jackson's first Eighth Amendment challenge to a short-term deprivation of prescribed blood pressure medication at Menard. In 2009 he sued a prison nurse practitioner and a correctional counselor after not receiving his medication for three weeks. (In that suit we recently upheld summary judgment for the defendants because there was no evidence of deliberate indifference by either defendant. *Jackson v. Pollion*, 733 F.3d 786 (7th Cir. 2013).) He brought this suit in March 2012, alleging among other things that the defendants did not provide him with his medication for six weeks.

After this claim was severed from the others, the defendants moved for summary judgment on the ground that Jackson had not exhausted his administrative remedies. See 42 U.S.C. § 1997e(a). The defendants submitted prison records showing that Jackson had not filed grievances about the denial of blood pressure medication or the denial of any other medical care. The magistrate judge conducted an evidentiary hearing under *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), on the exhaustion issue. The magistrate judge found no evidence that Jackson had ever filed any grievances and, even if he had (Jackson maintained that he filed one grievance in February and had an unstamped copy of one from March), the February grievance failed to name two of the defendants (as he so acknowledged), and Jackson filed this suit before allowing the prison enough time to respond to the March grievance. Jackson objected to the magistrate judge's report, asserting that two weeks was enough time for Menard counselors to respond and, further, that Menard officials must have destroyed the grievances he said he filed in February and March. The district judge adopted the magistrate judge's recommendation and granted summary judgment.

On appeal Jackson challenges the finding that he did not wait long enough for a response from the prison before filing his lawsuit. His suit was authorized, he says, because the prison's lack of any timely response to his March grievance (*i.e.*, within the two-week period in which Menard counselors purportedly must respond to grievances) rendered the administrative process no longer "available" to him.

But Jackson misunderstands the grievance process. He did not need a response from his counselor to move forward with his grievance. See ILL. ADMIN. CODE tit. 20, § 504.810(a); *Owens v. Hinsley*, 635 F.3d 950, 955 (7th Cir. 2011). When no response came from his counselor, Jackson had to file a formal grievance within 60 days of the date of the underlying incident and allow time for the prison to respond. See ILL. ADMIN. CODE tit. 20, § 504.810(a) As the district judge noted, Illinois law expects the prison to respond to a grievance within 60 days, where possible. See *id*.§ 504.830(d). And so the district judge properly concluded that Jackson did not complete the grievance procedure

because the two weeks he gave the prison to respond to his March grievance was insufficient. See *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004) (no exhaustion where prisoner sued before the expiration of § 504.830(d)'s 60-day period); *Beahringer v. Page*, 789 N.E.2d 1216, 1225–26 (Ill. 2003) (no exhaustion where prisoner sued before waiting the requisite period under former § 504.830). Although the district judge addressed exhaustion only with regard to Jackson's March grievance, the six weeks that he gave the prison to respond to the purported February grievance also fell short of the recommended 60-day period for the prison to respond.[1]

AFFIRMED.

---

[1] In determining that Jackson failed to exhaust his administrative remedies as to the February grievance, the judge erroneously stated that Jackson's failure to name two defendants in the grievance warranted granting summary judgment for all three defendants. But an inmate need not name the defendants in his grievance if, as was the case here, the grievance form asks only for a brief summary of the grievance. See *Maddox v. Love*, 655 F.3d 709, 721 (7th Cir. 2011). This error was harmless, however, because Jackson cannot show that he gave the prison sufficient time to resolve his grievances.